**LISZKA & GRAY, LLC**
Zachary J. Liszka, Esq.
Sam Gray, Esq.
Carl J. Mayer, Esq., *of Counsel*
1180 Avenue of the Americas, Suite 800
New York, New York 10036
347-762-5131
zachliszka@gmail.com
*Attorneys for Plaintiff and the Putative*
*FLSA Collective and New York Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

BRYANT MONTALVO, on behalf of himself and all others similarly situated,

                       Plaintiff,

     -against-

FLYWHEEL SPORTS, INC.
              Defendant.

---------------------------------------------------------------X

Case No: 16-CV-06259 (PAE)

**SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

      Plaintiff Bryant Montalvo (herein "Mr. Montalvo" or "Plaintiff"), on behalf of himself, and a class and collective of all others similarly situated, by and through his attorneys, as and for the Complaint in this action against Defendant Flywheel Sports, Inc. (herein "Defendant"), alleges the following upon personal knowledge as to some, and information and belief as to the rest, as follows:

**PRELIMINARY STATEMENT**

1.     Defendant is a chain of instructor-led gyms with locations throughout many major cities, including Atlanta, Boston, Chicago, Miami, Hollywood, Charlotte, Philadelphia, Washington, D.C., Dubai, and New York City.

2.      According to Defendant Flywheel Sports, Inc.'s former CEO, Ed Kinnaly, in 2017, Defendant intends to expand into Europe and Asia, and within five years, Kinnaly expects to have 150-175 locations across the continental US and 75 international locations.[1]

3.      Unfortunately, Defendant's growth has come at the expense of its instructors, whom it fails to (1) pay wages at the applicable minimum wage, and/or pay wages at the applicable overtime rates, (2) provide accurate wage notices,  (3) provide accurate wage statements, and (4) reimburse or compensate for purchases of music and athletic uniforms made for Defendant's benefit.

4.      Mr. Montalvo brings this action on behalf of himself and all similarly situated current and former instructors, who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* specifically the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Mr. Montalvo, and others similarly situated of their lawfully earned wages, including wages at applicable minimum wage rate and overtime rate.  Mr. Montalvo seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who worked as instructors for Defendant at any time from three years immediately preceding this action.

5.      Mr. Montalvo also brings this action on behalf of himself and all similarly situated current and former instructors pursuant to the Federal Rule of Civil Procedure 23 to remedy violations of NYLL Article 6 §§ 190 *et seq.*, NYLL Article 6 § 193, Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations ("NYLL").

## JURISDICTION AND VENUE

---

[1] Mallory Schlossberg, ONE OF SOUL CYCLE'S FOUNDERS TURNED ON THE BRAND AND STARTED ITS BIGGEST

6.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*,

28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28

U.S.C. § 1367.

7.      This Court has jurisdiction over all state law claims brought in this action pursuant to

28 U.S.C. § 1367.

8.      At all times relevant, Defendant Flywheel Sports, Inc. is and was a duly registered

foreign business corporation incorporated in Delaware, with its principal office at 53 West

23rd Street, 9th Floor, New York, NY, 10010.

9.      A substantial part of the events or omissions giving rise to the claims herein,

including all of the work Mr. Montalvo and the similarly situated current and former

instructors performed and Defendant's failure to pay Mr. Montalvo and the similarly

situated current and former instructors for all hours worked, occurred in New York County,

State of New York and within the Judicial District for the Southern District of New York.

10.     Accordingly, this action properly lies in the Southern District of New York, pursuant

to 28 U.S.C. § 1391.

## PARTIES

**Plaintiff Bryant Montalvo**

11.     Plaintiff Bryant Montalvo is a natural person who has resided in New York County

during the relevant time period.

12.     Mr. Montalvo was employed by Defendant Flywheel Sports, Inc. in New York City

as a barre and flywheel class instructor, from January 29, 2013 until April 5, 2016.

13.     At all times relevant, Mr. Montalvo was an "employee" within the meaning of the

FLSA and the NYLL.

14.     Mr. Montalvo has expressed his consent to make these claims against the Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Montalvo Consent Form, annexed to the First Amended Complaint, Dkt. No.: 4).

**Defendant Flywheel Sports, Inc.**

15.     At all times hereinafter mentioned, the activities of Defendant Flywheel Sports, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

16.     At all times hereinafter mentioned, Defendant Flywheel Sports, Inc. employed employees, including Mr. Montalvo herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

17.     Defendant Flywheel Sport's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

18.     Defendant employs more than 15 employees; it is believed that it employs over 600 employees.

19.     At all relevant times, Defendant Flywheel Sports, Inc. maintained control, oversight, and direction over Mr. Montalvo and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

20.     Defendant Flywheel Sports, Inc. applied the same employment policies, practices, and procedures to all instructors employed by Defendant throughout the country, including policies, practices, and procedures with respect to payment of wages, deductions, and wage notices and statements.

21.     Defendant Flywheel Sports, Inc. was and still is a foreign limited liability corporation organized and existing pursuant to the laws of Delaware and authorized to do business pursuant to the laws of the State of New York.

22.     Defendant Flywheel Sports, Inc. headquarters and principal place of business was and still is 53 West 23rd Street, 9th Floor, New York, NY, 10010.

23.     Defendant Flywheel Sports, Inc. was and still is engaged in the business of operating a chain of instructor-led gym classes that it offers directly to customers and to resellers.

24.     At all times relevant, Defendant Flywheel Sports, Inc. is and was an "employer" within the meaning of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

25.     There are approximately more than 40 current and former instructors that are similarly situated to Plaintiff.

26.     Plaintiff, and each similarly situated former or current instructor were victims of Defendant's common policy and/or plan that violated the FLSA.

27.     Plaintiff brings the First and Second Causes of Action, on behalf of himself and all similarly situated persons who have worked for Defendant as instructors, and who elect to opt-in to this action.

28.     Plaintiff represents other instructors, and is acting on behalf of the interests of those instructors, as well as his own interests in bringing this action.

29.     Plaintiff seeks to proceed as a collective action with regard to the First and Second Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following:

> a.      All instructors who were employed by Defendant, any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period"), and who did not receive wages earned at the applicable minimum wage rate and/or overtime rate (hereinafter, the "FLSA Collective").

30.    Defendant applied the same unlawful policies and practices to Plaintiff and the FLSA Collective, as part of a nationwide policy and/or practice.

31.    Plaintiff and the FLSA Collective all perform or performed the similar duties of an instructor, as described herein.

32.    Defendant was aware or should have been aware that the law required them to pay employees, including Plaintiff and the FLSA Collective, wages at the applicable minimum wage.

33.    Defendant was aware or should have been aware that the law required them to pay employees, including Plaintiff and the FLSA Collective, wages at the applicable overtime rate.

34.    The FLSA Collective is readily identifiable and locatable through use of the Defendant's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of their wages at the applicable minimum wage and/or overtime rates, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## FEDERAL RULES OF CIVIL PROCEDURE RULE 23
## CLASS ALLEGATIONS

35.    Plaintiff sues on his own behalf and as class representatives (hereinafter, the "New York Class Representative") and brings the Third through Sixth Causes of Action on his own behalf and as a class action, on behalf of those similarly situated, pursuant to Rule 23, sections (a) and (b), of the Federal Rules of Civil Procedure (hereinafter, the "New York Class").  The sub-classes of the New York Class are defined as:

6

     a.      All instructors who were employed by Defendant in New York State, at any time within the 6 years prior to the filing of this Complaint through the entry of judgment in this matter, who Defendant failed to pay wages earned at the applicable minimum wage rate and/or the applicable overtime rate (hereinafter, the "NYLL Wage Class").

     b.      All instructors who Defendant employed in New York State at any time from April 9, 2011 through the present, and who were not provided the proper wage notice pursuant to NYLL Section 195(1) (hereinafter, the "Wage Notice Class").

     c.      All instructors who Defendant employed in New York State at any time from April 9, 2011 through the present, and who were not provided the proper wage statement pursuant to NYLL Section 195(3) (hereinafter, the "Wage Statement Class").

     d.      All instructors who Defendant employed in New York State at anytime within the 6 years prior to the filing of this Complaint through the entry of judgment in this matter, whom Defendant required to purchase music and athletic uniforms for Defendant's benefit, but were not compensated or reimbursed. (hereinafter, the "Wage Deduction Class").

36.    The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of Defendant, there are approximately more than 40 members of the New York Class.

37.    There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

     a.      Whether Defendant unlawfully failed to pay wages at the applicable minimum wage rate, in violation of and within the meaning of the NYLL Article 6, §190 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 *et seq.*;

     b.      Whether Defendant unlawfully failed to pay wages at the applicable overtime rates, in violation of and within the meaning of the NYLL Article 6, §190 *et seq.*,

and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 *et seq.*;

c.      Whether Defendant's policy of failing to pay instructors the proper minimum wage rate was instituted willfully or with reckless disregard of the law;

b.      Whether Defendant's policy of failing to pay instructors proper overtime wages was instituted willfully or with reckless disregard of the law;

c.      Whether Defendant unlawfully failed to provide accurate and timely wage notice, pursuant to N.Y. Lab. Law § 195(1);

d.      Whether Defendant unlawfully failed to provide accurate wage statements, pursuant to N.Y. Lab. Law § 195(3);

e.      Whether Defendant unlawfully required instructors to purchase music and athletic uniforms without compensation or reimbursement, pursuant to N.Y. Lab. Law § 193;

f.      The proper measure of damages sustained by the New York Class Representative and the New York Class; and

g.      Whether Defendant should be enjoined from such violations in the future.

38.      The New York Class Representative will fairly and adequately protect the interests of the New York Class, and has no interests antagonistic to the class.

39.      The New York Class Representative is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

40.      A class is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

41.     Further, the New York Class Representative and the New York Class have been equally affected by Defendant's failure to (1) pay wages at the applicable minimum wage, and/or pay wages at the applicable overtime rates, (2) provide accurate wage notices,  (3) provide accurate wage statements, and (4) reimburse or compensate for purchases of music and athletic uniforms made for Defendant's benefit.  Moreover, members of the New York Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

42.     Defendant has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

43.     Plaintiff's claims are typical of those of the class.  Plaintiff and the New York Class members were subjected to Defendant's common policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay wages at the applicable minimum wage rate and/or the failure to pay overtime at the applicable rate, the failure to provide accurate wage notices and statements, the failure to keep adequate records, and the failure to compensate or reimburse Plaintiff's for purchases of music and athletic uniforms made for Defendant's benefit.  The job duties of Plaintiff  are typical of those of the class members.

44.     The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## CLASSWIDE FACTUAL ALLEGATIONS

45.     Plaintiff and the members of the FLSA Collective and New York Class (collectively "Class Members") are victims of Defendant's common policy and/or practice that violated their rights under the FLSA and NYLL by denying them wages at the applicable minimum

wage and/or overtime rates. At all times relevant, Defendant's unlawful policy and/or practice was willful.

46.     All of the work performed by Class Members was assigned by Defendant and/or Defendant were aware of all the work that Plaintiff and the Class Members performed.

**Initial Training Period**

47.     Defendant failed to pay Plaintiff and each Class Member any wages for all hours worked during a training period wherein Defendant teaches each and every instructor the "Flywheel Method", as a matter of company policy and/or practice.

48.     The "Flywheel Method" training teaches instructors how to operate Defendant's proprietary hardware (including Defendant's bicycles built and customized exclusively for use by Defendant in conjunction with its software) and how to operate its proprietary software (a computer program that tracks client performance on the bicycle, rates that performance among other clients, and allows clients to monitor their own performance over time). The "Flywheel Method" training also teaches instructors how Defendant wants instructors to arrange each class according to specific proprietary parameters, including the various genres of music an instructor must utilize, the various intervals of speed and intensity that an instructor must utilize, the various riding positions and cadences that an instructor must utilize, as well as how Defendant wants instructors to utilize the PA system to motivate clients during class, including when to "call out" clients with words of encouragement,  among other things, all in order to ensure each and every class is taught in a consistent manner that varies only within the parameters exclusively set by Defendant.

49.     If an instructor failed to complete the "Flywheel Method" training, Defendant would not schedule that instructor for work, as a matter of company policy and/or practice. As a result, such training was mandatory for continued employment with Defendant.

50. Defendant holds the "Flywheel Method" training for all instructors during what would otherwise be an instructor's normal working hours, as a matter of company policy and/or practice.

51. During the "Flywheel Method" training period, Defendant occasionally requires instructors to perform other tasks, without compensation, such as teaching classes to clients under supervision, attending the classes of other senior instructors, canvassing the street to promote Defendant's brand, demonstrating Defendant's bicycles in store windows, answering potential customer questions, selling Defendant's products to customers, and compiling playlists of music for practice in classes, as a matter of company policy and/or practice.

52. In addition, Defendant requires instructors to purchase athletic uniforms and music to compile into playlists to practice with in class during the "Flywheel Method" training, without compensation or reimbursement, as a matter of company policy and/or practice.

**Compensation Scheme**

53. After the initial training period, Defendant requires each instructor at each location to work for a period of time under a compensation scheme wherein each instructor is paid only per class they teach, regardless of the time each instructor actually works each week.

54. After the initial training period, Defendant requires that for each class an instructor teaches, the instructor is to arrive half-hour early, and requires that each instructor stay approximately fifteen minutes after class to assist clients and provide them feedback, as a matter of company policy and/or practice.

55. After the initial training period, and for each class an instructor teaches, Defendant requires that each instructor prepare a new playlist and corresponding class routine (or what

it calls "sequencing") according to the Flywheel Method parameters, as a matter of company policy and/or practice.

56.     After the initial training period, and when otherwise scheduled to teach, Defendant requires or is aware that instructors occasionally perform a variety of other tasks, such as, but not limited to opening/unlocking the studio, setting up the computer systems, answering phones, checking in clients at the front desk, communicating with customers, attending meetings, including mandatory training sessions and mandatory performance review sessions, and engaging in marketing on behalf of the company, as a matter of company policy and/or practice.

57.     After the initial training period, and when otherwise scheduled to teach, Defendant requires that each instructor regularly purchase new music to incorporate into their class playlists, and requires that each instructor purchase specific athletic uniforms, without compensation or reimbursement, as a matter of company policy and/or practice.

58.     In an article published in Cosmopolitan entitled *12 Things I Wish I Knew Before I Became a Spin Instructor*, Kate Hickl, Defendant's Cycling Instructor and the Director of Recruiting, Training & Talent Development states the following:

> At Flywheel…it takes twice as much time to plan a class than the class itself. For every hour I'm in class, I'm spending at least two hours prepping, putting together the playlist, and figuring out the sequencing. There are people who take my class four or five times a week, so I have to keep it fresh for them. When I'm not teaching, I also spend time marketing my classes on social media. At Flywheel, instructors just starting out get paid per class — which means you're not getting paid for your prep time — but as you gain more experience, there are opportunities to become full-time…. I have to pack for each day of work like I'm going on vacation: four sets of shirts, pants, socks, sports bras, bandanas, headbands, and so on. The amount of laundry you'll do is shocking. To offset the cost of the fitness wardrobe, some

instructors will work as "brand ambassadors" for fitness retailers and get discounts as well as free products to wear in exchange for promotion.[3]

59.     As a result of the work Defendant requires or is aware that its instructors perform, and depending on how many classes per week each instructor teaches at each location, instructors often work over 40 hours per workweek. However, Defendant fails to compensate each instructor according to its compensation scheme at the applicable overtime rate, as a matter of company policy and/or practice.

60.     Further, Defendant fails to accurately record all the hours each instructor works, as well as fails to provide accurate wage notices and wage statements, as a matter of company policy and/or practice.

61.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violated the FLSA and NYLL.  Defendant's policy and pattern or practice includes but is not limited to:

    a.     Willfully failing to keep accurate payroll records of its instructors, including Plaintiff and Class Members, as required by the FLSA and NYLL;

    b.     Willfully failing to pay its instructors, including Plaintiff and Class Members, wages at the applicable minimum wage rate;

    c.     Willfully failing to pay its instructors, including Plaintiff and Class Members, wages at the applicable overtime rate;

    c.     Willfully failing to provide its instructors, including Plaintiff and Class Members, accurate wage notices and statements pursuant to N.Y. Lab. Law §§ 195(1) and (3); and

    d.     Willfully failing to compensate or reimburse its instructors, including Plaintiff and Class Members, for purchases of music and athletic uniforms for the benefit of Defendant, pursuant to N.Y. Lab. Law § 193.

---

[3] Arielle Pardes, 12 THINGS I WISH I KNEW BEFORE I BECAME A SPIN INSTRUCTOR (2016), http://www.cosmopolitan.com/career/a60972/spin-class-instructor-career/ (last visited Aug 5, 2016).

62.    Defendant is or should have been aware that the FLSA and NYLL required Defendant to pay Plaintiff and the Class Members at the applicable minimum wage and/or overtime rates.

63.    Defendant's failure to pay Plaintiff and the Class Members wages at the applicable minimum wage and/or overtime rates, was willful, intentional, and in bad faith.

64.    Defendant failed to provide Plaintiff and members of the Wage Notice Class with accurate and proper wage notice pursuant to N.Y. Lab. Law § 195(1).

65.    Defendant failed to provide Plaintiff and members of the Wage Statement Class with accurate wage statements pursuant to N.Y. Lab. Law § 195(3).

66.    Defendant failed to compensate or reimburse Plaintiff and members of the Wage Deduction Class for purchases of music and athletic uniforms Defendant required they make for the benefit of Defendant, pursuant to N.Y. Lab. Law § 195(3).

67.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## MR. MONTALVO'S FACTUAL ALLEGATIONS

68.    At all times relevant, Mr. Montalvo was an employee of Defendant, working under Defendant's direct supervision.

69.    Mr. Montalvo was employed by Defendant from January 29, 2013 to April 5, 2016.

**Wage Notice, Wage Statements and Record-Keeping Requirement Claims**

70.    Defendant failed to furnish Mr. Montalvo with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid, as a matter of company policy and/or practice.

71.    Defendant failed to furnish Mr. Montalvo with a wage notice at the time of hiring as required by the NYLL, as a matter of company policy and/or practice.

72.     Defendant did not keep accurate records of hours worked by and the wages paid to Mr. Montalvo, as a matter of company policy and/or practice.

**Minimum Wage Claims**

73.     From approximately January 29, 2013 to March 17, 2013, Defendant required Mr. Montalvo to attend training in the proprietary "Flywheel Method", but failed to compensate Mr. Montalvo at the applicable minimum wage rate, as a matter of company policy and/or practice.

74.     To the best of his recollection, which might be refreshed by review of documents and/or data currently in Defendant's sole possession, Defendant required Mr. Montalvo to work approximately 23 to 31 hours per week between January 29, 2013 to March 17, 2013, but failed to compensate Mr. Montalvo at the applicable minimum wage rate, as a matter of company policy and/or practice.

75.     In addition, Defendant required Mr. Montalvo to incur business expenses during the training period, including purchases of music and athletic uniforms, for which Defendant did not compensate or reimburse Mr. Montalvo, as a matter of company policy and/or practice.

**Overtime Claims**

76.     After completing "Flybarre" Flywheel Method training, on or about March 18, 2013 until April 5, 2016, Defendant required Mr. Montalvo to teach "Flybarre" classes as a instructor, and paid Mr. Montalvo per "Flybarre" class he taught, at a rate of $75, $85 or $100 per class.

77.     In addition, after completing "Flywheel" Flywheel Method training, on or about March 24, 2015 until June 10, 2015, Defendant required Mr. Montalvo to teach "Flywheel" classes as an instructor, on or about June 11, 2015 until April 5, 2016 and paid Mr. Montalvo per "Flywheel" class he taught, at a rate of  $75, $100, or $150 per class.

78.     In addition, between March 18, 2013 and April 5, 2016, Defendant required Mr. Montalvo to teach private classes, and paid Mr. Montalvo  per class he taught at a rate of $75 per class.

79.     On typical weeks, between September 2013 until April 5, 2016, Defendant required Mr. Montalvo to work over 40 hours per week, but failed to compensate him at the applicable overtime wage rate, as a matter of company policy and/or practice.

80.     To the best of his recollection, which might be refreshed by review of documents and/or data currently in Defendant's sole possession, Defendant required Mr. Montalvo to work more than 40 hours specifically during the weeks of March 24 through June 11, 2015, but failed to compensate Mr. Montalvo for hours worked in excess of 40 at the applicable overtime rate, as a matter of company policy and/or practice.

81.     In addition, Defendant required Mr. Montalvo to incur business expenses during the period of March 18, 2013 until April 5, 2016, including purchases of music and athletic uniforms, for which Defendant did not reimburse or compensate Mr. Montalvo, as a matter of company policy and/or practice.

### FIRST CAUSE OF ACTION
**(FLSA – Failure to Pay Wages at the Applicable Minimum Wage Rate)**
**As to Plaintiff and the FLSA Collective**

82.     Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

83.     Plaintiff and the members of the FLSA Collective are non-exempt employees entitled to be paid at least the applicable federal minimum wage for all hours worked.

84.     Defendant employed Plaintiff and the members of the FLSA Collective, but failed to pay them at the applicable minimum wage.

85.     Defendant required Plaintiff and the members of the FLSA Collective to pay for the tools of the trade, but failed to compensate or reimburse them.

86.     Defendant failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

87.     Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional.

88.     Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

89.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90.     Plaintiff has expressed his consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

91.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid minimum wage and overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(FLSA – Failure to Pay Wages at the Applicable Overtime Rates)**
**As to Plaintiff and the FLSA Collective**

92.     Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

93.     Plaintiff and the members of the FLSA Collective are non-exempt employees entitled to be paid at the applicable overtime rate for all hours worked over 40 in a workweek.

94.     Defendant employed Plaintiff and the members of the FLSA Collective, but failed to pay them at the applicable overtime rate for hours worked over 40 in a workweek.

95.     Defendant required Plaintiff and the members of the FLSA Collective to pay for the tools of the trade, but failed to compensate or reimburse them.

96.     Defendant failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

97.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.

98.     Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

99.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

100.    Plaintiff has expressed his consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

101.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid minimum wage and overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(NYLL- Failure to Pay Wages at the Applicable Minimum Wage Rate)**
**As to Plaintiff and the New York Class**

102.    Plaintiff, on behalf of himself and the New York Class, realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

103.    Defendant employed Plaintiff and the members of the New York Class, and willfully failed to compensate Plaintiff and the members of the New York Class at the applicable minimum wage rate, in violation of the requirements of NYLL.

104.   By the course of conduct set forth above, Defendant has violated N.Y. Lab. Law § 650 *et seq.*; 12 N.Y.C.R.R. § 142 *et seq.*

105.   Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the members of the New York Class.

106.    Defendant required Plaintiff and the members of the Wage Deduction Class to pay for the tools of the trade, but failed to compensate or reimburse them.

107.   Defendant has a policy and/or practice of refusing to pay the applicable minimum wage rate to Plaintiff and the members of the New York Class.

108.   Defendant's failure to pay the minimum wage rate to Plaintiff and the members of the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

109.   As a consequence of the willful failure to pay wages at the minimum wage rate, alleged above, Plaintiff and the members of the New York Class have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid wages, and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

110.   Plaintiff, on behalf of himself and the members of the New York Class, seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by the Defendant as provided by the NYLL.

**<u>FOURTH CAUSE OF ACTION</u>**
**(NYLL- Failure to Pay Wages at the Applicable Overtime Rates)**
**As to Plaintiff and the New York Class**

111.    Plaintiff, on behalf of himself and the New York Class, realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

112.    Defendant employed Plaintiff and the members of the New York Class, and willfully failed to compensate Plaintiff and the members of the New York Class at the applicable overtime rates, in violation of the requirements of NYLL.

113.    By the course of conduct set forth above, Defendant has violated N.Y. Lab. Law § 650 *et seq.*; 12 N.Y.C.R.R. § 142 *et seq.*

114.    Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the members of the New York Class.

115.    Defendant required Plaintiff and the members of the Wage Deduction Class to pay for the tools of the trade, but failed to compensate or reimburse them.

116.    Defendant has a policy and practice of refusing to pay the applicable overtime rate to Plaintiff and the members of the New York Class for hours worked over 40 in a workweek.

117.    Defendant's failure to pay the applicable overtime rate to Plaintiff and the members of the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

118.    As a consequence of the willful failure to pay the applicable overtime rate, alleged above, Plaintiff and the members of the New York Class have incurred damages thereby and the Defendant is indebted to them in the amount of the unpaid wages, and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

119.    Plaintiff, on behalf of himself and the members of the New York Class, seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by the Defendant as provided by the NYLL.

**FIFTH CAUSE OF ACTION**
**(NYLL – Violation of Wage Notice and Statement, and Record-Keeping Requirements)**

**As to Plaintiff and the Wage Notice and Wage Statement Class**

120.    Plaintiff, on behalf of himself and the Wage Notice and Wage Statement Class, realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

121.    Defendant failed to supply Plaintiff and the members of the Wage Notice Class notice as required by N.Y. Lab. Law  § 195, in English or in the language identified by Plaintiff and the members of the Wage Notice Class as their primary language, containing Plaintiff's and the members of the Wage Notice Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

122.    Defendant failed to supply Plaintiff and the members of the Wage Statement Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

123.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage notice at the time of hiring from April 9, 2011

through February 26, 2015, Plaintiff and members of the Wage Notice Class are each entitled to damages of $50, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

124.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each day that Defendant failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the present, Plaintiff and members of the Wage Notice Class are entitled to damages of $50, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

125.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff and members of the Wage Statement Class are each entitled to damages of $100, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

126.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiff and members of the Wage Statement Class are each entitled to damages of $250, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**SIXTH CAUSE OF ACTION**
**(NYLL – Unlawful Wage Deductions)**
**As to Plaintiff and the Wage Deduction Class**

127.    Plaintiff, on behalf of themselves and the Wage Deduction Class, realleges and incorporates by reference each allegation in the foregoing paragraphs as though fully set forth herein.

128.    Defendant knowingly, willfully, and intentionally violated N.Y. Lab. Law § 193

when Defendant required Plaintiff and the Wage Deduction Class to purchase music and athletic uniforms for Defendant's benefit and without compensation or reimbursement, as a company policy and/or practice.

129.   This policy and/or practice constituted an unlawful deduction of Plaintiff's and the Wage Deduction Class' wages.

130.   As a consequence of the willful underpayment of wages, alleged above, Plaintiff and the Wage Deduction Class incurred damages thereby and Defendant is indebted to Plaintiff and the Wage Deduction Class in the amount of the purchases Defendant required they make for Defendant's benefit and without compensation or reimbursement, and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

131.   Plaintiff and the Wage Deduction Class seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendant, as provided by the NYLL.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of themselves and all others similarly situated, seeks the following relief:

a. That, at the earliest possible time, Plaintiff be allowed to give notice of this action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, were employed by Defendant as instructors.  Such notice shall inform them that this civil action has

been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

d. Back wages, including unpaid minimum wages and overtime pursuant to the FLSA and the supporting United States Department of Labor regulations;

e. Back wages, including unpaid minimum wages and overtime, pursuant to the NYLL;

f. Liquidated damages relating to back wages, as provided for by FLSA § 216(b) and NYLL § 215(d);

g. Pre-judgment interest and post-judgment interest as provided by law;

h. Damages of $50 for Plaintiff and the Wage Notice Class for each workweek between April 9, 2011 through February 26, 2015 that Defendant failed to provide Plaintiff and the Wage Notice Class with a wage notice, or a total of $2,500, as provided for by N.Y. Lab. Law § 198;

i. Damages of $50 for Plaintiff and the Wage Notice Class for each workweek between February 26, 2015 through the present that Defendant failed to provide Plaintiff and the Wage Notice Class with a wage notice, or a total of $5,000, as provided for by N.Y. Lab. Law § 198;

j. Damages of $100 for Plaintiff and the Wage Statement Class for each workweek between April 9, 2011 through February 26, 2015 that Defendant failed to provide Plaintiff and the Wage Statement Class with accurate wage statements, or a total of $2,500, as provided for by N.Y. Lab. Law § 198;

k.  Damages of $250 for Plaintiff and the Wage Statement Class for each workweek between February 26, 2015 through the present that Defendant failed to provide Plaintiffs and the Wage Statement Class with accurate wage statements, or a total of $5,000, as provided for by N.Y. Lab. Law § 198;

l.  Reimbursement for costs incurred by for the benefit of Defendant, including for purchases of music and athletic uniforms;

m.  Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq*.;

n.  Attorneys' fees and costs of the action; and

**o.**  For other such relief as this Court deems to be just and equitable.


Dated:  New York, New York

June 14, 2017

Respectfully submitted,

**LISZKA & GRAY, LLC**

s/ Zachary J. Liszka_____
Zachary J. Liszka, Esq. (ZL8359)
Sam Gray, Esq.
Carl J. Mayer, Esq*., of Counsel*
1180 Avenue of the Americas
Suite 800
New York, New York 10036
347-762-5131
zachliszka@gmail.com
*Attorneys for Plaintiff and the*
*Putative FLSA Collective and*
*New York Class*