# **<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYANT MONTALVO, on behalf of himself and all others similarly situated, | No: 16-CV-06259 (PAE) |
| Plaintiff, | |
| - against - | |
| FLYWHEEL SPORTS, INC. | |
| Defendant. | |

## <u>SETTLEMENT STIPULATION</u>

This Settlement Stipulation is made by and between the Class Representative (as defined below) on behalf of himself and the classes of individuals that he seeks to represent, and Defendant Flywheel Sports, Inc. ("Defendant"), as each of the foregoing terms is defined herein, to fully and completely settle *Bryant Montalvo*, *et al.* v. *Flywheel Sports, Inc.*, S.D.N.Y. Case No. 16-Civ-06259 (the "Class and Collective Litigation");

WHEREAS, in the Class and Collective Litigation, the Class Representative, on behalf of himself and all other similarly situated individuals, has asserted claims under federal and New York State wage and hour laws for unpaid wages, liquidated damages, penalties, attorneys' fees and costs, interest, and other relief;

WHEREAS, Defendant expressly denies that it and each of its former and current owners, partners, employees, members, officers, directors, agents and/or related business entities has committed any wrongdoing or violated any federal, state, or local laws, vigorously disputes the claims asserted in the Class and Collective Litigation, and continues to assert that it has strong and meritorious defenses to any and all such claims;

1

WHEREAS, on September 15, 2017, the Parties participated in a mediation session of this matter in New York, New York, which was conducted by experienced mediator Judge Stephen M. Orlofsky, and after subsequent continued negotiations, reached a settlement in principle resulting in this Agreement; and

WHEREAS, to avoid uncertainty and the expense and burdens of further litigation, and after substantial arm's-length settlement negotiations, the Class Representative, on behalf of himself and all other similarly situated individuals, and Defendant (collectively, the "Parties") desire to resolve the Class and Collective Litigation;

NOW, THEREFORE, the Parties agree as follows:

1.      **Definitions**.  As used in this Settlement Stipulation, the following terms have the following meanings:

(a)      "**Applicable Class Period**" means, for each of the Settlement Classes described in Section 4 below, the time period referenced in Section 4 below for each of the FLSA Settlement Collective and the Rule 23 Settlement Class.

(b)      "**Attorneys' Fees and Lawsuit Costs**" means the amount to be paid to Class Counsel (as defined in Section 1(h)) from the QSF (as defined in Section 1(ff)) for attorneys' fees and litigation expenses, pursuant to Class Counsel's motion and subject to the Court's approval and the terms described in Section 8 below.

(c)      **"Charities"** means Brandworkers and Pension Rights Center.

(d)      "**Claim Period**" means the later of: (i) the 45-calendar day period beginning immediately after the Claims Administrator (as defined in Section 1(e)) first mails the Notice Form (as defined in Section 1(x)) to any of the Class Members (as defined in Section 1(j)); or (ii) if a Notice Form (as defined in Section1(x)) is returned as undeliverable, and such Notice

Form is re-mailed, the Class Member shall be provided the remainder of the forty-five (45) calendar days or fifteen (15) calendar days after the re-mailing of the Notice Form, whichever is longer, as described in Section 13(d).  Both periods are to run continuously, without interruption or extension.

(e)  "**Claims Administrator**" means Strategic Claims Services.

(f)  "**Claims Administrator Fees and Costs**" means a reasonable amount to be paid to the Claims Administrator from the QSF (as defined in Section 1(ff)) for administering the Settlement, subject to the Court's approval and the limitations described in Section 9 below.

(g)  "**Class and Collective Litigation**" means *Bryant Montalvo*, *et al.* v. *Flywheel Sports, Inc.*, S.D.N.Y. Case No. 16-Civ-06259.

(h)  "**Class Counsel**" means Zachary J. Liszka and Carl J. Mayer of the law firms Liszka and Gray, LLC and Mayer Law Group LLC, 1180 Avenue of the Americas, Suite 800, New York, New York 10036.

(i)  "**Class List**" means a list containing Class Members' names and last known street addresses, telephone numbers (including but not limited to mobile phone numbers), and email addresses, that Defendant's Counsel shall provide to the Claims Administrator, as described in Section 12.

(j)  "**Class Members**" mean the individuals falling within the Settlement Class and Collective, as described in Section 4 below.

(k)  "**Class Representative**" means Bryant Montalvo, the named Plaintiff in the Class and Collective Litigation.

(l)　　　"**Court**" means the Honorable Paul A. Engelmayer, United States District Judge for the United States District Court for the Southern District of New York.

(m)　　　"**Defendant's Released Parties**" means Defendant and any and all of Defendant's past, present, and future parents, subsidiaries, affiliates, and divisions, and each of its past, present, and future shareholders, officers, partners, directors, legal representatives, members, principals, managers, employees, fiduciaries, trustees, employee retirement or benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and re-insurers of such plans), agents, insurers, re-insurers, heirs, administrators, executors, successors, and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities acting by, through, under, or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity.

(n)　　　"**Defendant's Counsel**" means Patrick W. Shea, Emily R. Pidot, and Kelsey V. Pruner of the law firm Paul Hastings LLP, 200 Park Avenue, New York, New York 10166, or such other counsel as Defendant may select subsequent to the date of this Settlement Stipulation.

(o)　　　"**Effective Date**" means: (i) if no appeal is taken from the Final Approval Order (as defined in Section 1(s)), thirty-five (35) calendar days after the Court's entry of the Final Approval Order; or (ii) if an appeal is taken from the Final Approval Order, the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally adjudicated and the Final Approval Order can no longer be appealed or reviewed.

(p)    "**Estimated Settlement Payment**" means an estimate of each Class Member's Participating Class Member Final Settlement Payment (before all legally required withholdings), to be calculated by the Claims Administrator, as described in Section 6(b), based on the allocation formula attached as Exhibit C.

(q)    "**Final Approval Hearing**" means the final hearing scheduled before the Court on the question of whether the Settlement, including payment of Attorneys' Fees and Lawsuit Costs, Claims Administrator Fees and Costs and the Service Payment (to be paid from the QSF, as defined in Section 1(ff)), should be finally approved as fair, reasonable and adequate as to the Class Members.

(r)    "**Final Approval Motion**" means the request for a Final Approval Order.  The Final Approval Motion shall be filed with the Court by the Class Representative, on behalf of himself and all other similarly situated individuals.

(s)    "**Final Approval Order**" means the Court's order granting final approval of the Settlement.

(t)    "**FLSA**" means the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

(u)    "**FLSA Released Claims**" means any and all federal law claims, obligations, demands, suits, actions, rights, causes of action, complaints, charges, grievances, debts, losses, and liabilities that were alleged or could have been alleged against the Defendant's Released Parties (as defined in Section 1(m)), of whatever kind and nature, character or description, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, that accrue or accrued up through the Preliminary Approval Date (as defined in Section 1(cc)), for any type of relief under the FLSA that arose from or relate in any way to any

Class Members' employment as an instructor at Defendant, including without limitation all FLSA claims for wages, overtime, reimbursement of expenses, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, and any related or derivative claims, including but not limited to related or derivative, claims arising under the Employment Retirement Income Security Act ("ERISA") or any common law breach of contract theory as it relates to wage claims.

(v)     **"Gross Settlement Amount"** means an aggregate sum not to exceed three hundred sixty thousand dollars ($360,000), to be paid by Defendant to fund the QSF (as defined in Section 1(ff)). This represents Defendant's maximum financial commitment under this Settlement;

(w)     **"Net Settlement Amount**" means the remainder of the Gross Settlement Amount defined in Section 1(v), which shall be used to pay the Participating Class Member Final Settlement Payments after deductions for Court-approved Attorneys' Fees and Lawsuit Costs, Court-approved Service Payment, Claims Administrator Fees and Costs, and the share of payroll taxes owed by Defendant.

(x)     "**Notice Form**" means the notice form attached as part of Exhibit A, which will include each Class Member's Estimated Settlement Payment, as defined in Section 1(p).

(y)     "**NYLL**" means the New York Labor Law, Chapter 31 of the Consolidated Laws of the State of New York.

(z)     "**Participating Class Members**" means Class Members who do not exclude themselves by submitting a Request for Exclusion (as defined in Section 1(hh)).

(aa)    "**Participating Class Member Final Settlement Payment**" means, for each Participating Class Member, his or her individual settlement payment, to be calculated by the Claims Administrator as described in Section 6(d) below, and from a portion of which the Participating Class Member's share of payroll taxes shall be deducted.

(bb)    "**Parties**" means Defendant and the Class Representative, acting on behalf of themselves and all other similarly-situated individuals.

(cc)    "**Preliminary Approval Date**" means the date the Preliminary Approval Order is entered by the Court.

(dd)    "**Preliminary Approval Motion**" means the request for a Preliminary Approval Order. The Preliminary Approval Motion shall be filed with the Court by the Class Representative, on behalf of himself and all other similarly situated individuals.

(ee)    "**Preliminary Approval Order**" means the Court's order preliminarily approving this Settlement, which the Parties shall submit in proposed form attached as Exhibit B.

(ff)    "**QSF**" means the qualified settlement fund to be established and administered by the Claims Administrator and funded by Defendant for the purpose of holding the amounts to fund the Settlement in its entirety. In no event shall Defendant be required to pay an amount in excess of the Gross Settlement Amount (as defined in Section 1(v)) to fund the QSF. If the QSF is held in an interest-bearing account, then any interest that accrues shall be included in the Net Settlement Amount. The QSF will be controlled by the Claims Administrator subject to the terms of this Agreement and the Court's orders.

(gg)    "**Released Claims**" means the FLSA Released Claims (as defined in Section 1(u)) and the State Law Released Claims (as defined in Section 1(oo)).

(hh)    "**Request for Exclusion**" means a written, signed statement that an individual Class Member has decided to opt-out and not be included in this Settlement.  Requests for Exclusion must conform to the requirements described in Section 13(g).

(ii)    "**Reserve Fund**" means one (1) percent of the QSF, which shall be set aside for distribution to Class Members who the Claims Administrator deems to have been inadvertently left off the Class List should documentation support that the individual is in fact entitled to a Settlement Payment under this Settlement Stipulation.  The Reserve Fund will be part of the Net Settlement Amount payable to all Participating Class Members. Thus, should any portion of the Reserve Fund remain, those funds shall be included by the Claims Administrator in calculating the Participating Class Member Final Settlement Payments on a pro rata basis.

(jj)    "**Rule 23**" means Rule 23 of the Federal Rules of Civil Procedure.

(kk)    "**Service Payment**" means the payment from the QSF to the Class Representative only.

(ll)    "**Settlement**" means the terms described in this Settlement Stipulation.

(mm)   "**Settlement Check**" means the check that each Participating Class Member will receive, equaling the amount of a Participating Class Member's Participating Class Member Final Settlement Payment and, to the Class Representative, his Service Payment less the Participating Class Member's share of applicable payroll taxes, to be sent by the Claims Administrator, as described in Section 13(h), and including the limited endorsement specified in Section 13(h)(iv).

(nn)    "**Settlement Classes**" means the groupings of Class Members described in Section 4 below.

8

(oo) "**State Law Released Claims**" means any and all New York State, New York City and all other New York state and local claims, obligations, demands, suits, actions, rights, causes of action, complaints, charges, grievances, debts, losses, and liabilities that were alleged or could have been alleged against the Defendant's Released Parties (as defined in Section 1(m)), of whatever kind and nature, character or description, whether known or unknown, and whether anticipated or unanticipated, including unknown claims, that accrue or accrued up through the Preliminary Approval Date, for any type of relief under the NYLL (including, without limitation: N.Y. Lab. Law § 160 *et seq.*; N.Y. Lab. Law § 190 *et seq.* (including, but not limited to, §§ 191, 193, 195, and 198); N.Y. Lab. Law §§ 215 and 218; New York Minimum Wage Act: N.Y. Lab. Law § 650 *et seq.*; 12 N.Y. Comp. Codes R. & Regs. Pt. 142-2.1 *et seq.*, that arose from or relate in any way to any Class Members' employment as an instructor at Defendant, including without limitation NYLL claims relating to wages, hours, working conditions, or compensation. This Release includes a release of any type of relief under New York State law, New York City law and other state and local wage, hour, working conditions and compensation laws, including without limitation claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to pay for split shift, failure to pay for spread of hours, failure to provide meal and rest periods, failure to timely pay final wages, failure to reimburse for business expenses, failure to provide an expense allowance, failure to furnish accurate notices and statements (including wage statements, wage notices, or other notices), failure to maintain accurate records, and any and all claims for recovery of compensation, overtime pay, minimum wage, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, and any related or derivative claims, interest, and/or penalties, and any related or derivative claims, including but

not limited to claims under ERISA or any common law breach of contract, tort, unjust

enrichment, conversion or other theory, other penalties, and punitive and liquidated damages

claims, and/or violations of any other state or local statutory and common law relating only to

wage, hours, working conditions, and compensation claims.

(pp) "**Second Distribution Check**" means the additional check that

Participating Class Members will receive who cashed their Settlement Checks, less the

Participating Class Member's share of applicable payroll taxes, if more than twenty-five thousand

dollars ($25,000) remains in the QSF after the period for cashing Settlement Checks expires, as

described in Section 13(h).

2. <u>**Gross Settlement Amount**</u>. Defendant shall pay no more than the Gross

Settlement Amount of three hundred sixty thousand dollars ($360,000) to resolve the Class and

Collective Litigation. This represents Defendant's maximum financial commitment under this

Settlement.

3. <u>**No Admission of Liability and No Concession as to the Merits**</u>.

Defendant expressly denies that it violated the law in any manner alleged in or related to the

Class and Collective Litigation. The Parties enter into this Settlement Stipulation to avoid the

risks, uncertainty, expense and burden of further litigation. This Settlement shall not be

construed or deemed to be an admission of liability or wrongdoing on the part of Defendant.

4. <u>**Settlement Classes**</u>.

(a) The Parties shall ask the Court to certify a:

(i) FLSA Settlement Collective – All individuals who worked

as an instructor at Defendant (*i.e.*, who, according to Defendant's business records had the word

"instructor" in their job title) in the United States from August 7, 2013 through September 10,

2016 (the last date for the data utilized by the Parties in negotiating this settlement), except

Melissa Wolfe;

(ii)     Rule 23 Settlement Class – All individuals who worked as

an instructor at Defendant (*i.e.*, who, according to Defendant's business records had the word

"instructor" in their job title) in New York from August 7, 2010 through September 10, 2016 (the

last date for the data utilized by the Parties in negotiating this settlement), except Melissa Wolfe;

(b)     Together, the FLSA Settlement Collective and the Rule 23

Settlement Class are the "Settlement Classes."

(c)     Members of the FLSA Settlement Collective shall be eligible to

opt-in to the Class and Collective Litigation.

(d)     If he or she satisfies the foregoing, an individual may be a member

of any or all of the two settlement classes: the FLSA Settlement Collective and the Rule 23

Settlement Class.

5.     **Preliminary and Final Approval of the Settlement and Mutual Full
Cooperation.**

(a)     Class Counsel shall file the Preliminary Approval Motion within a

reasonable time after the execution of this Agreement and/or by the deadline specified by the

Court.  In connection with the Preliminary Approval Motion, Class Counsel will submit to the

Court this Agreement, including all exhibits.  Provided the Preliminary Approval Motion is

consistent with the terms of this Agreement, Defendant shall not oppose the Preliminary

Approval Motion.

(b)     No later than fifteen (15) calendar days before the Final Approval

Hearing, or on such other date as ordered by the Court, Class Counsel will file with the Court

their Final Approval Motion.

(c)     The Parties will work together, diligently and in good faith, to obtain expeditiously a Preliminary Approval Order and Final Approval Order.  The Parties will also work in good faith with each other and the Claims Administrator to effectuate the terms of this Settlement Stipulation, including but not limited to, preparing and executing documents necessary to implement this Settlement Stipulation, preparing and filing of an unopposed Preliminary Approval Motion, obtaining the Court's preliminary and final approval of this Settlement Stipulation, obtaining conditional and final certification of the Settlement Classes and the appointment of Class Counsel, and defending this Settlement Stipulation from any legal challenge.

6.     **Determining Estimated Settlement Payments and Participating Class Member Final Settlement Payments**.

(a)     The Claims Administrator shall calculate each Class Member's Estimated Settlement Payment and each Participating Class Member's Final Settlement Payment using the allocation formula attached as Exhibit C.

(b)     No later than seven (7) calendar days after the Claims Administrator receives the Class List, the Claims Administrator shall calculate each Class Member's Estimated Settlement Payment, assuming full participation by all Class Members, and setting aside a portion of the QSF sufficient to pay the Service Payment, Claims Administrator Fees and Costs, Attorneys' Fees and Lawsuit Costs, Defendant's share of payroll taxes, and one (1) percent of the QSF as a Reserve Fund.  The Claims Administrator shall then provide its calculations of the Estimated Settlement Payments to Class Counsel and to Defendant's Counsel the same day it completes such calculations, provided, however, that the Claims Administrator shall not disclose any identifying information to Class Counsel for Class Members who have not yet opted in.  Class Counsel and Defendant's Counsel shall have five (5) calendar days to review,

verify, and comment on the calculations provided by the Claims Administrator. The Claims Administrator shall review any comments received from Class Counsel and/or Defendant's Counsel and shall finalize the calculations of the Estimated Settlement Payments no later than three (3) calendar days after receipt of such comments.

(c)     The amount of each Class Member's Estimated Settlement Payment will be included on that Class Member's Notice Form, as described in Section 13(a). The Notice Form will specify that the Estimated Settlement Payment does not include deductions for the Class Member's share of payroll taxes.

(d)     No later than ten (10) calendar days after the entry of the Final Approval Order, the Claims Administrator shall calculate the Participating Class Member Final Settlement Payments from the Net Settlement Amount, taking into account the number of Participating Class Members (*i.e.*, those Class Members who have not excluded themselves by submitting a Request for Exclusion to the Claims Administrator within the Claim Period) as well as any monies remaining in the Reserve Fund. The Claims Administrator shall designate fifty percent (50%) of each Participating Class Member's Final Settlement Payment as "wages" and fifty percent (50%) as "non-wages."

(i)     The Claims Administrator shall provide its calculations of the Participating Class Member Final Settlement Payments to Class Counsel and to Defendant's Counsel the same day that it completes such calculations, provided, however, that the Claims Administrator shall not disclose any identifying information to Class Counsel for Class Members who have not yet opted in. Class Counsel and Defendant's Counsel shall have five (5) calendar days to review, verify, and comment on the calculations provided by the Claims Administrator. The Claims Administrator shall review any comments received from Class Counsel and

13

Defendant's Counsel and shall finalize the Participating Class Member Final Settlement Payments no later than five (5) calendar days after receipt of such comments. The Claims Administrator's determination (after input from Class Counsel and Defendant's Counsel) of the Participating Class Member Final Settlement Payments shall be final.

(e)     The Claims Administrator shall mail the Settlement Checks to each Participating Class Member in the amount of each Participating Class Member's respective Participating Class Member Final Settlement Payment and, to the Class Representative only, his Service Payment (if any), less legally required withholdings, in accordance with Section 13(h), no later than five (5) calendar days after the Effective Date.

7.     **Funding the QSF**.  Within three (3) calendar days after the Effective Date, or as soon thereafter as is commercially reasonable to comply with the Claims Administrator's instructions, Defendant shall deposit the Gross Settlement Amount of three hundred sixty thousand dollars ($360,000) into the QSF to cover the Participating Class Member Final Settlement Payments, Attorneys' Fees and Lawsuit Costs, the Service Payment, the Claims Administrator's Fees and Costs, and the share of payroll taxes owed by Defendant.  To the extent that the Claims Administrator requests a portion of the Gross Settlement Amount to be paid into the QSF prior to three (3) calendar days after the Effective Date to cover preliminary claims administration costs, such amount shall offset the Gross Settlement Amount to be deposited by Defendant, such that the total amount deposited by Defendant does not exceed three hundred sixty thousand dollars ($360,000).

8.     **Attorneys' Fees and Lawsuit Costs**.

(a)     Class Counsel shall move for Court approval of Attorneys' Fees in an amount equal to 33 and 1/3rd percent of the Gross Settlement Amount, and Lawsuit Costs.

Defendant shall not contest such application. Any Attorneys' Fees and Lawsuit Costs approved by the Court shall be payable solely from the QSF. Pursuant to FRCP 23(h), the Class Representative shall move for Court approval of his Attorneys' Fees and Lawsuit Costs simultaneously with his Final Approval Motion. The Attorneys' Fees and Lawsuit Costs awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Attorneys' Fees and Lawsuit Costs.

   (b) The Claims Administrator shall pay Attorneys' Fees and Lawsuit Costs awarded by the Court to Class Counsel from the QSF no later than five (5) calendar days after the Effective Date.

   (c) Payments made pursuant to this Section 8 shall be reported to all applicable taxing authorities by the Claims Administrator on IRS Form 1099-MISC and its state and local equivalents.

   (d) Any portion of the Attorneys' Fees and Lawsuit Costs not approved by the Court or not sought by Class Counsel shall be included in the Net Settlement Amount and shall be distributed to Participating Class Members in accordance with the terms of this Settlement Stipulation.

   9. **Service Payment**.

   (a) Class Counsel shall move for Court approval of the Service Payment in the amount of $10,000 for the Class Representative, simultaneously with the Motion for Final Approval of the Settlement. The Service Payment shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of the Service Payment.

(b)      Any Service Payment approved by the Court shall be payable solely from the QSF.  Defendant shall not oppose Class Counsel's motion for the payment of the Service Payment.

(c)      Any Service Payment approved by the Court shall be in addition to the Participating Class Member Final Settlement Payment otherwise owed to the Class Representative.  The Claims Administrator shall pay such Service Payment from the QSF in a check that also includes the Participating Class Member Final Settlement Payment no later than five (5) calendar days after the Effective Date.

(d)      Payments made pursuant to this Section 9 shall be reported to all applicable taxing authorities by the Claims Administrator on IRS Form 1099-MISC and its state and local equivalents.

(e)      Any portion of the Service Payment not approved by the Court shall be included in the Net Settlement Amount and shall be distributed to Participating Class Members in accordance with the terms of this Settlement Stipulation.

10.      **Claims Administrator**.

(a)      Class Counsel have selected the Claims Administrator, who shall serve as the administrator of the Settlement and perform the services described in this Settlement Stipulation and any other services mutually agreed to by the Parties.  The Claims Administrator shall be required to sign a confidentiality and indemnification agreement with Defendant.  The Parties shall negotiate and agree expeditiously on such an agreement, whose terms must be in accordance with the terms of this Settlement Stipulation and acceptable to Defendant.

(b)      The Parties, through their counsel, shall cooperate in good faith to resolve any disputes regarding the Claims Administrator's ability or need to perform certain

duties under this Settlement Stipulation, and any unresolved disputes shall be referred by the Parties to the Court.  The Claims Administrator shall create the Notice Form and documentation, using the attachments to this Settlement Stipulation and records provided by Defendant in accordance with this Settlement Stipulation and Court order.  The Claims Administrator shall report on at least a bi-weekly basis, in summary or narrative form, the substance of its findings, as described in Section 10(d).

(c)     Defendant shall provide the Claims Administrator with certain data regarding the Class Members, as described in accordance with Section 12, in order for the Claims Administrator to perform its duties, provided, however, that the Claims Administrator shall maintain this data as confidential.  All data and information provided by Defendant shall not be disclosed to the Class Representative, Class Counsel or anyone else external to the Claims Administrator without the written consent of Defendant.  Notwithstanding the immediately preceding sentence, the Claims Administrator may share with Class Counsel data and information regarding the Class Representative and opt-ins to the Class and Collective Litigation.

(d)     The Parties shall have equal access to the Claims Administrator. The Claims Administrator shall provide regular reports to the Parties' Counsel regarding the status of the mailing of the Notice Form to Class Members, the claims administration process and the distribution of Participating Class Member Final Settlement Payments, provided, however, that the Claims Administrator shall not disclose any identifying information to Class Counsel for Class Members who have not yet opted in.

(e)     The Claims Administrator shall be paid its reasonable and actual fees and costs from the QSF, which fees and costs are estimated to be no more than forty-one

17

thousand seven hundred and fifty dollars ($41,750.00) and shall be subject to being approved by the Court. The Claims Administrator's fees and costs approved by the Court shall be paid to the Claims Administrator no later than five (5) calendar days after the Effective Date.

         (f)      Should the Claims Administrator determine that any of the dates and deadlines contained in this Settlement Stipulation are not feasible, the Claims Administrator shall alert Class Counsel and Defendant's Counsel and request an alternative date or deadline. The Parties will agree to any reasonable request by the Claims Administrator to alter dates or deadlines, provided that agreeing to the request would not cause the entire notice and claim process, as set forth in Section 13, to take longer than one hundred and twenty (120) calendar days.

         11.      **Notices Mandated by Statute**.  No later than ten (10) calendar days after the date on which Class Representative, on behalf of himself and all other similarly situated individuals, file the Preliminary Approval Motion, the Claims Administrator shall prepare and mail notices of the Settlement to all "Appropriate Federal Officials" and "Appropriate State Officials," as required by 28 U.S.C. § 1715, the Class Action Fairness Act.  The Claims Administrator shall submit drafts of the Class Action Fairness Act Notices to Defendant's Counsel at least five (5) calendar days before mailing notices to "Appropriate Federal Officials" and "Appropriate State Officials."  Defendant's Counsel shall submit to the Claims Administrator any comments or revisions, or otherwise approve the Class Action Fairness Act Notices, within two (2) calendar days of receipt.  The Claims Administrator may not submit any Class Action Fairness Act Notices without receiving approval from Defendant's Counsel.

12.     **Information to Be Provided by Defendant**.

(a)     Defendant shall work cooperatively and in good faith with Class Counsel and the Claims Administrator to facilitate the notice and claims process.

(b)     No later than five (5) calendar days after the Preliminary Approval Date, Defendant shall provide to the Claims Administrator a Class List containing Class Members' names and last known street addresses, telephone numbers (including but not limited to mobile phone numbers) and email addresses. Should the Claims Administrator reasonably believe that Social Security numbers would be helpful in locating Class Members, Defendant shall provide them. Defendant shall also provide the Claims Administrator with Class Members' class schedule data in a format substantially similar to the class schedule data provided to Class Counsel during settlement negotiations. Each Class Member will be assigned a unique, anonymous identification number which shall be utilized consistently on the information provided by Defendant to the Claims Administrator pursuant to this Subsection 12(b), on all forms sent to Class Members, including the Notice Form, and in all reports provided by the Claims Administrator to Class Counsel pursuant to this Agreement. The Parties will instruct the Claims Administrator to take all necessary measures to handle and store all Class Member information provided by Defendant pursuant to this Subsection 12(b) confidentially, consistent with industry best practices for handling and storage of sensitive and personally identifiable information.

(c)     The Claims Administrator may share with the Parties' Counsel, at the Parties' Counsel's request, the number of individuals in the Settlement Classes. The Claims Administrator shall respond to general Class Member inquiries, although those seeking legal counsel shall be referred to Class Counsel with any information necessary to assist Class Counsel

19

in providing guidance to the Class Member.  Additionally, if a Class Member contacts Class

Counsel regarding his or her potential participation in this Settlement, upon request, the Claims

Administrator shall provide Class Counsel with any and all data about such individual (but not

about any other Class Member) in order to enable Class Counsel to respond to the Class

Member's inquiry.  In the event that the Claims Administrator provides such information to

Class Counsel, the Claims Administrator shall keep records of the request and the information

provided.  Neither the content of the data nor the identity of the putative class member provided

to Class Counsel shall be shared with Defendant or Defendant's Counsel, except in the

circumstance where this information would assist Defendant in responding to an inquiry.  Except

as otherwise provided in this Subsection 12(c), the Claims Administrator shall not disclose any

identifying information to Class Counsel for Class Members who have not yet opted in.

      13.    **Notice Process**.

      (a)    <u>Form of Notice</u>. The Notice Form provided to each Class Member

shall inform him/her of: the Settlement; the claims he/she is releasing by not submitting a

Request for Exclusion and/or by cashing his/her Settlement Check; the formula that will be used

to calculate the payments to Class Members under the Settlement; the Estimated Settlement

Payment the Class Member may receive; and identification number(s) that can be used to

identify the Class Member.  The Notice Form will explain that the eventual Participating Class

Member Final Settlement Payment will be a proportionate share of the QSF, as determined by

the Claims Administrator pursuant to a formula as set forth in Exhibit C.

      (b)    <u>Sending the Notice Form</u>.  No later than twenty-one (21) calendar

days after the Preliminary Approval Date, the Claims Administrator, to the extent contact

information is available, shall send the Notice Form to each Class Member that has been

identified.

        (c)    <u>Not Exclusively a Claims-Made Process</u>.  The proceeds of the Net

Settlement Amount shall be disbursed to Participating Class Members (*i.e.*, Class Members who

do not exclude themselves by submitting a Request for Exclusion, as described in Section 13(g)).

        (d)    <u>Returned Notice Forms</u>.  If a Class Member's Notice Form is

returned with a forwarding address, the Claims Administrator shall promptly re-mail the Notice

Form to the forwarding address.  If a Class Member's Notice Form is returned without a

forwarding address, the Claims Administrator shall attempt to determine the Class Member's

current address, including by calling the Class Member if a telephone number is available.  If a

new address is obtained, the Claims Administrator shall promptly re-mail the Notice Form to the

Class Member.  If a new address is not obtained from the Class Member or, to the extent the

information is available, through a standard Level 2 Skip Trace in the manner that the Claims

Administrator customarily performs such skip traces, the Claims Administrator shall notify the

Parties' Counsel.  Any Class Member whose Notice Form is re-mailed shall have the remainder

of the forty-five (45) calendar days in the Claim Period or fifteen (15) calendar days after the re-

mailing of the Notice Form, whichever is longer, to return a Request for Exclusion.  No Notice

Forms shall be mailed after the Claim Period, unless otherwise agreed by the Parties or ordered

by the Court.

        (e)    <u>Declaration of Claims Administrator</u>.  The Parties shall provide to

the Court with the Final Approval Motion a declaration by the Claims Administrator detailing its

due diligence and summarizing proof of mailing with regard to the Notice Forms.  The

declaration shall also identify the number of Requests for Exclusion and any objections.

(f)    Objecting to the Settlement.  Class Members may object to the Settlement by following the instructions described in the Notice Form.  To be valid, an objection must be postmarked or otherwise returned (via facsimile or email) to the Claims Administrator no later than thirty (30) calendar days after the mailing of the Notice Form or, if the Notice Form is re-mailed, no later than fifteen (15) calendar days after the re-mailing of the Notice Form or thirty (30) calendar days after the initial mailing of the Notice Form, whichever is longer.  The Claims Administrator shall send to the Parties' Counsel copies of all objections no later than one (1) calendar day after their receipt, and the Claims Administrator shall file such objections with the Court as attachments to their declaration in support of the Final Approval Motion.  In the event a Class Member disputes an Estimated Settlement Payment amount under this Settlement Stipulation, Defendant shall attempt to confirm the information using regularly maintained business records.  If Defendant seeks to dispute the information or claim provided or asserted by the objecting Class Member, it shall submit records and/or information to the Claims Administrator and Class Counsel, and the Claims Administrator shall consider the information submitted by Defendant and the Class Member before it makes a decision as to payment in accordance with Section 6(d).

(g)    Exclusions from the Settlement.  Class Members may exclude themselves from the Settlement by submitting a Request for Exclusion to the Claims Administrator by following the procedures set forth below for opting out.

(i)    Any Class Member who chooses to opt-out of the Settlement as set forth in this Settlement Stipulation must submit a written, signed statement to the Claims Administrator by first-class United States mail, facsimile or email that: (1) includes his or her name, address, and telephone number; and (2) unconditionally states an intention to

opt out of the Settlement, such as: "I opt out of the Instructor Class Action Litigation against Defendant."

(ii)     To be effective, a Request for Exclusion must be postmarked or otherwise received by the Claims Administrator within the Claim Period. Requests for Exclusion that are not postmarked or otherwise received by the Claims Administrator within the Claim Period are null and void, unless otherwise agreed to in writing by the Parties or approved by the Claims Administrator.  It is the responsibility of the individual submitting the Request for Exclusion to retain a copy of the Request for Exclusion and proof of timely submission.

(iii)     The Claims Administrator will note the postmark date or date received on the original of each Request for Exclusion that it receives.  The Claims Administrator shall also send copies of all Requests for Exclusion to Class Counsel and Defendant's Counsel no later than one (1) calendar day after their receipt, and shall file all Requests for Exclusion with the Court.

(iv)     Within twenty-four (24) hours following the end of the Claim Period, the Claims Administrator shall send a final list of all Requests for Exclusion to Class Counsel and Defendant's Counsel by email.  The Claims Administrator will retain the stamped originals of all Requests for Exclusion and originals of all envelopes accompanying Requests for Exclusion in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Settlement Stipulation.

(v)     Upon the Effective Date, all Class Members who have not properly submitted a Request for Exclusion that satisfies the requirements described in this Section 13(g) will be bound by the Settlement and the terms of this Settlement Stipulation, and

will have released their State Law Released Claims, as set forth in this Settlement Stipulation and as approved by the Court.

        (h)    <u>Payments to Participating Class Members</u>.

        (i)    No later than ten (10) calendar days after the entry of the Final Approval Order, the Claims Administrator shall calculate Participating Class Members' Final Settlement Payments, as described in Section 6(d).

        (ii)    No later than five (5) calendar days after the Effective Date, the Claims Administrator shall mail to each Participating Class Member his or her Settlement Check, as described in Section 6(d).  An IRS Form W-2 and its state and local equivalents shall be issued for the portion of the Settlement Check designated as "wages."  An IRS Form 1099-MISC and it state and local equivalents shall be issued for the portion of the Settlement Check designated as "non-wages."  The check shall be written from the QSF's bank account and shall equal the Participating Class Member's Final Settlement Payment and, for the Class Representative only, his Service Payment (if any), less legally required withholdings.  The Claims Administrator shall include a letter along with each Settlement Check that describes the release that each Class Member will provide to Defendant's Released Parties by cashing the Settlement Check, by setting forth the language in Sections 1(m), 1(u), and 1(oo) herein.

        (iii)    Upon cashing the Settlement Checks, the Participating Class Members release their claims against Defendant, as described in Section 15.

        (iv)    Each Settlement Check shall contain, on the back of the check, the following limited endorsement (which indicates that by cashing the check, Participating Class Members release the Released Claims as to the Defendant's Released Parties):

CONSENT TO JOIN AND FINAL RELEASE OF CLAIMS: By cashing this check, I
consent to join in the case entitled *Montalvo, et al. v. Flywheel Sports, Inc.,* FLSA action,
No. 16-CV-06259 (PAE), now pending in the United States District Court for the
Southern District of New York, and release Defendant's Released Parties from all wage
and hour claims under New York and federal law, as described more fully in the enclosed
Release and in the Stipulation filed in this Litigation.  Modification of this Release may
void the Settlement Check.

     (v)  Unless the Claims Administrator has received updated

contact information, the Settlement Checks issued pursuant to this Section shall be mailed by the

Claims Administrator to the Participating Class Member at the address to which the Notice Form

was sent.  If a Participating Class Member's Settlement Check is returned with a forwarding

address, the Claims Administrator shall promptly issue a stop payment order on the original

check, issue a new check in the same amount, and promptly mail the new Settlement Check to

the forwarding address.  If a Participating Class Member's Settlement Check is returned without

a forwarding address, the Claims Administrator shall promptly issue a stop payment order on the

original check and perform a standard Level 2 Skip Trace in the manner that the Claims

Administrator customarily performs skip traces in an effort to determine the Participating Class

Member's current address, and, to facilitate this process, the Claims Administrator may use the

Class Member's social security number, if available.  If a new address is obtained, the Claims

Administrator shall issue a new check in the same amount, and promptly mail the new

Settlement Check to the Class Member.  If a new address is not obtained through a standard

Level 2 skip tracing, the Claims Administrator shall notify the Parties' Counsel, who shall confer

in good faith, on a case-by-case basis, regarding whether to conduct further traces or to contact

the Class Member by other means.  For Class Members whose Settlement Checks are re-issued,

the 120-day period during which Class Members must cash their Settlement Checks will run

from the date that appears on the check. No Settlement Check shall be re-issued more than ninety (90) calendar days after the date of the first check to that Class Member.

(vi) If a Participating Class Member reports that his or her Settlement Check was lost, stolen, or undelivered, the Claims Administrator shall promptly issue a stop payment order on the original check and, after investigating, if appropriate, issue a new Settlement Check to such Participating Class Member.

(vii) Each Settlement Check shall expire one hundred and twenty (120) calendar days after it is dated.

(viii) If more than twenty-five thousand dollars ($25,000) remains in the QSF by reason of uncashed Settlement Checks, or otherwise, after the expiration of the 120-day period for cashing Settlement Checks, then the balance remaining in the QSF shall be used to make a second distribution divided in equal amounts to those Participating Class Members who cashed their Settlement Checks from the initial distribution, after payment of the estimated fees or costs to be incurred by the Claims Administrator in administering the second distribution. The Claims Administrator will calculate and mail such Second Distribution Checks within thirty (30) calendar days after the expiration of the 120-day period for the Settlement Checks. The Claims Administrator shall designate fifty percent (50%) of each Participating Class Member's Second Distribution Check as "wages" and fifty percent (50%) as "non-wages." Each Second Distribution Check shall expire sixty (60) calendar days after it is dated.

(ix) It is the intention of the Parties that the funds from the Settlement Checks of any Participating Class Members which are not cashed within the 120-day period provided for doing so, or, if applicable, the 60-day period provided for the cashing of Second Distribution Checks, will not escheat to any applicable jurisdiction, and will instead be

donated to the Charities under the *cy pres* doctrine, as described in Section 13(k) below. Such funds will be divided equally between the charities, and the Claims Administrator shall provide such funds to the Charities within seven (7) calendar days after all outstanding Settlement Checks, or, if applicable, all outstanding Second Distribution Checks, have expired. The provisions of any unclaimed property statute or law do not apply to this action or this Stipulation.

(x)     The Claims Administrator shall provide regular reports to Defendant's Counsel and Class Counsel regarding all checks mailed and cashed, and the dates thereof.

(xi)     The Claims Administrator shall provide copies of all cashed Settlement Checks and any Second Distribution Checks to Defendant's Counsel and Class Counsel.

(i)     Payroll Taxes. The Claims Administrator shall calculate, report and pay the payroll taxes owed by Defendant and Participating Class Members from the QSF to the applicable taxing authorities on a timely basis in accordance with applicable law.

(j)     Class Members' and Class Counsel's Responsibility for Any Additional Taxes.

(i)     Should any taxing authority determine that any additional taxes are payable for the payments made to any Participating Class Member under this Settlement (other than taxes attributed to the wage portion of the settlement, which will be deducted from the QSF and paid, as required, to the applicable taxing authorities by the Claims Administrator), such Participating Class Member shall be solely responsible for the payment of those taxes, plus applicable interest.

(ii)     As the Claims Administrator shall be responsible for paying the Participating Class Members' and Defendant's share of payroll taxes out of the QSF,

27

to the extent that there is an error regarding the payroll taxes owed by each of Participating Class Members and Defendant, the Claims Administrator shall indemnify the Participating Class Members and Defendant for any penalties or interest arising out of an incorrect allocation, calculation, payment or reporting, or late payment of Participating Class Members' and Defendant's share of payroll taxes out of the QSF solely to the extent such incorrect allocation, calculation or reporting or late payment was caused by the negligence or intentional misconduct of the Claims Administrator and not as a result of any of the data or information obtained from Defendant.

(iii)    Any non-wage amounts paid from the QSF will be reported, if required, to the IRS on IRS Form 1099-MISC and its state and local equivalents.

(iv)    Class Counsel agrees that it shall be solely responsible for the payment of any and all taxes due as a result of Class Counsel's receipt of all or any part of the payments made for Attorneys' Fees and Lawsuit Costs under this Settlement.

(k)    <u>Cy Pres</u>.  All funds remaining in the QSF from uncashed Settlement Checks after all outstanding Settlement Checks have expired, or, if applicable, all funds remaining in the QSF from uncashed Second Distribution Checks after all outstanding Second Distribution Checks have expired, shall be donated to the Charities under the *cy pres* doctrine.

(l)    <u>Indemnification.</u>  The Parties will require the Claims Administrator to indemnify and hold harmless the Parties (and their counsel) for and against any claims or liabilities resulting from errors or omissions in its administration of the QSF due to the Claim Administrator's own actions and not as a result of any of the data or information obtained from Defendant.

14. **Settlement Payments Do Not Trigger Additional Benefits**. All payments to Class Members shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by the Class Members. The Parties agree and the Class Members acknowledge that, notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement, the payments provided for in this Settlement Stipulation are the sole payments to be made to the Class Members with respect to the Claims released herein, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the payments.

15. **Release**.

(a) All Class Members, as a condition of receiving a monetary payment in conjunction with this Settlement Stipulation, must cash their Settlement Check, which includes a release of the Released Claims. The Claims Administrator shall provide a copy of all cashed Settlement Checks to Defendant's Counsel and Class Counsel, as specified in Section 13(h)(xi).

(b) All members of the FLSA Settlement Collective who cash a Settlement Check shall release all Released Claims from the beginning of the Applicable Class Period through the Preliminary Approval Date.

(c) Each member of the FLSA Settlement Collective who has cashed a Settlement Check agrees not to institute or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever, and specifically waives any and all claims for damages or other relief, against Defendant's Released Parties relating to the

Released Claims from the beginning of the earliest Applicable Class Period through the Preliminary Approval Date.

(d)     Upon the Effective Date, all members of the Rule 23 Settlement Class who have not submitted a timely Request for Exclusion to the Claims Administrator within the Claim Period shall release all State Law Released Claims from the beginning of the Applicable Class Period through the Preliminary Approval Date.

(e)     Each member of the Rule 23 Settlement Class who has not submitted a timely Request for Exclusion agrees not to institute or receive any other relief from any other suit, administrative claim or other claim of any sort or nature whatsoever, and specifically waives any and all claims for damages or other relief, against the Defendant's Released Parties relating to the State Law Released Claims from the beginning of the earliest Applicable Class Period through the Preliminary Approval Date.

16.     **Settlement Contingent on Court Approval**.

(a)     This Settlement Stipulation is contingent upon the Court's approval of the Settlement.  If the Court does not grant preliminary or final approval or the Effective Date does not occur, this Settlement Stipulation may be voided at any Party's option, in which case this Settlement Stipulation (including its Exhibits) will become null and void, and shall be of no force or effect whatsoever.  In such an event, the Parties shall resume the Class and Collective Litigation unless the Parties jointly agree to seek reconsideration or appellate review of the decision denying preliminary or final approval, or attempt to renegotiate the Settlement and seek Court approval of a renegotiated settlement.

(b)     In the event any such reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved:

(i)      The Class and Collective Litigation will proceed as if no settlement had been attempted.  In that event, any classes certified for purposes of settlement shall be decertified, and Defendant shall retain the right to assert all applicable defenses and challenge all claims and allegations, including but not limited to contesting whether the Class and Collective Litigation should be maintained as class or collective actions and contesting the merits of the claims being asserted by the Class Representative.  Class Members retain the right to assert all applicable claims and allegations in the ongoing action.

(ii)     If the Claims Administrator has already sent notice to the Class Members, the Claims Administrator shall provide notice to Class Members that the Settlement did not receive final approval and that, as a result, no payments will be made to Class Members under the Settlement.  A proposed form of notice shall be submitted by the Claims Administrator to the Parties for approval no more than five (5) calendar days following the entry of the Court's final ruling under Section 15(b).  The Parties shall agree upon any revisions to such notice no later than three (3) calendar days after receiving the proposed form of notice from the Claims Administrator.  Upon receipt of the approved form of notice, the Claims Administrator shall mail the notice to the Class Members using the addresses used by the Claims Administrator in sending the Notice Forms.

17.     **Confidentiality**.

(a)     Aside from the disclosures in the Notice Form attached hereto as Exhibit A and in publicly-filed court documents, or as otherwise required by law, as set forth in this Settlement Stipulation, the Parties agree to maintain the confidentiality of the negotiation process that led to this Settlement Stipulation (including all drafts), as well as the information and documents exchanged between the Parties during the settlement process, which were

exchanged for purposes of settlement and compromise only.  If requested by the Court,
Defendant shall provide the non-public financial documents it provided to Class Counsel in
connection with the Parties' settlement negotiations to the Court under seal, but such disclosure
to the Court shall not relieve the Parties of their confidentiality obligations hereunder.  Any
information provided to Class Counsel from Defendant pursuant to this Settlement Stipulation or
otherwise in connection with implementation and negotiation of the Settlement shall be used
solely for purposes of implementing this Settlement and for no other purpose.  However, the data
utilized to develop the allocation formula will be provided to the Claims Administrator to enable
the Claims Administrator to calculate Estimated Settlement Payments for Class Members and to
allocate Participating Class Member Final Settlement Payments to Participating Class Members.

        (b)     Nothing in this Settlement Stipulation shall prevent Defendant
from filing any required regulatory disclosures regarding the Class and Collective Litigation or
prevent the Parties or their counsel from complying with their obligations under the law.

        (c)     The Class Representative and Class Counsel shall promptly notify
Defendant's Counsel, via facsimile or email, of any third-party demand or requirement by any
law, rule, or regulation, or by subpoena, or by any other administrative or legal process to
disclose non-public information concerning this Settlement, and shall not make any such
disclosure until at least ten (10) calendar days after the notice is provided, except if an earlier
production is court-ordered, so that Defendant's Counsel may seek a protective order or other
appropriate remedy prior to such disclosure.  Should disclosure be required hereunder, the Class
Representative and/or Class Counsel shall furnish only that portion of the information pertinent
to this Settlement legally required to be disclosed and shall use reasonable efforts to obtain
confidential treatment thereof by the recipient.

18. **Return of Documents/Data**.  No later than thirty (30) calendar days after the Effective Date, Class Counsel agrees to return or destroy all non-public documents and information produced by Defendant in the Class and Collective Litigation or in connection with settlement negotiations other than Class Counsel's work product, and to provide written affirmation of such to Defendant's Counsel in accordance with the notice provisions herein.

19. **Computing Time**.  All events and deadlines referenced herein shall be computed in accordance with Rule 6 of the Federal Rules of Civil Procedure.

20. **Dismissal with Prejudice**.

Upon the Effective Date, all Class Members' claims against Defendant in the Class and Collective Litigation will be dismissed with prejudice.

21. **Complete Agreement**.  No representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Stipulation, which contains the entire, complete, and integrated statement of all settlement terms and supersedes all previous oral or written agreements.  This Settlement Stipulation may not be amended or modified except by a writing signed by the Parties' authorized representatives.

22. **Knowing and Voluntary Agreement**.  The Parties enter into this Settlement Stipulation knowingly, voluntarily, and with full knowledge of its significance.  The Parties have not been coerced, threatened, or intimidated into signing this Settlement Stipulation and have consulted with legal counsel regarding the Settlement Stipulation.

23. **Notifications and Communications**.  Any notifications or communications made in connection with this Settlement Stipulation shall be sent to the Parties at the addresses of their respective counsel as follows:

*For Class Representative Bryant Montalvo*
*and Class Members*

Zachary J. Liszka
Carl J. Mayer
Liszka and Gray, LLC
Mayer Law Group LLC
1180 Avenue of the Americas
Suite 800
New York, New York 10036
Telephone: 347-762-5131
Email: z@lglaw.nyc
carlmayer@aol.com

*For Defendant Flywheel Sports, Inc.*

Patrick W. Shea
Emily R. Pidot
Kelsey V. Pruner
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-318-6000
Email: patrickshea@paulhastings.com
emilypidot@paulhastings.com
kelseypruner@paulhastings.com

24.    **Severability**.  If any part of this Settlement Stipulation is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other part of this Settlement Stipulation, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law.

25.    **Captions and Interpretations**.  Section or paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Stipulation or any provision hereof.  Each term of this Settlement Stipulation is contractual and not merely a recital.

26.    **Binding on Assigns**.  This Settlement Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors, and assigns.

27.    **Enforcement of Settlement; Stipulation and Governing Law**.  This Settlement Stipulation will be governed by New York law.  The Parties have agreed to submit to the jurisdiction of the Court in the Class and Collective Litigation for all proceedings, including the entry of final judgment and enforcement of this Settlement Stipulation.

28.    **Settlement Stipulation Form and Construction**.

(a)    The terms and conditions of this Settlement Stipulation are the result of lengthy, carefully considered, arm's-length negotiations between the Parties and this Settlement Stipulation shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Stipulation.

(b)    This Settlement Stipulation may be executed in electronic counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Settlement Stipulation.

(c)    This Settlement Stipulation shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Class and Collective Litigation.

29.    **Parties' Authority**.  The signatories hereto hereby represent that they are fully authorized to enter into this Settlement Stipulation and bind the Parties hereto and the Class Members to the terms and conditions thereof.

*[Remainder of Page Left Intentionally Blank]*

35

**IN WITNESS WHEREOF**, the Parties each voluntarily and without coercion have caused this

Settlement Stipulation to be signed on the dates entered below:


/s/ Bryant Montalvo           12/20/17

Bryant Montalvo           Date


LISKZA AND GRAY, LLC
*Counsel for Plaintiff and the Settlement Classes*

By:   /s/ Zachary J. Liszka          12/20/17

     Zachary J. Liszka          Date


MAYER LAW GROUP LLC
*Counsel for Plaintiff and the Settlement Classes*

By:   /s/ Carl J. Mayer          12/20/17

    Carl J. Mayer          Date


Flywheel Sports, Inc.

By: _____      12·19·17

                            Date


PAUL HASTINGS LLP
*Counsel for Defendant*

By: _____      12-19-17

                            Date

Case 1:16-cv-06259-PAE   Document 86   Filed 01/02/18   Page 38 of 55

# EXHIBIT A

## *INSTRUCTOR SETTLEMENT WITH FLYWHEEL*

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT ON BEHALF OF INSTRUCTORS AGAINST FLYWHEEL SPORTS, INC. ("FLYWHEEL")

### THIS NOTICE FORM AFFECTS YOUR LEGAL RIGHTS PLEASE READ IT CAREFULLY

**United States District Court for the Southern District of New York**
*Bryant Montalvo, et al. v. Flywheel Sports, Inc.,* No. 16 Civ. 06259

Instructor Identification Number(s): _____

**If you were an instructor at Flywheel between August 7, 2010 and September 10, 2016, please read this Notice Form.  You may be able to participate in a Settlement of claims for back pay and other damages.**

Based on information in Flywheel's records, you may be entitled to participate in the proposed Settlement of *Bryant Montalvo, et al. v. Flywheel Sports, Inc.,* No. 16 Civ. 06259 (the "Class and Collective Litigation")*.*

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS PRELIMINARILY APPROVED THIS SETTLEMENT.

If the Settlement is finally approved by the Court, and you do not opt-out of the Settlement, you will be mailed a Settlement Check for approximately $[Estimated Settlement Payment].

You can, if you wish, opt-out of the Settlement, but if you do so and you still wish to pursue claims against Flywheel, you will have to commence a new action and represent yourself in that case or obtain new lawyers to represent you.  You can also object to the Settlement (but if you object, you cannot opt-out).  More information about this case, the proposed Settlement, and your rights are set forth below in this Notice Form.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **TO RECEIVE A SETTLEMENT PAYMENT** | If you do not opt-out of the Settlement, a Settlement Check will be mailed to you at the last known postal address for you available to the Claims Administrator representing the payments you are entitled to under the Settlement.  If you cash this check, you will release all of your claims under the Settlement. |
| **TO EXCLUDE YOURSELF FROM THE SETTLEMENT (*i.e.*, OPT-OUT)** | **Get out of this lawsuit (opt-out).  Receive no money from the qualified settlement fund.  Keep any rights you might have to pursue claims against Flywheel.**<br><br>If you do not wish to participate in the Settlement, you can exclude yourself ("opt-out") from the Class and Collective Litigation and the Settlement by following the directions outlined in Section 10 below.  **If you exclude yourself,** |

| | you will not receive a Settlement Payment and you cannot object to the Settlement, as you will no longer be a part of the Class and Collective Litigation. You will retain the right to bring your own action under federal and New York state law if you have any timely claims. If you wish to bring an action on your own, you will need to retain an attorney or represent yourself. Any potential Class Member who follows the opt-out procedure will be excluded from the Settlement Classes. |
|---|---|
| **TO OBJECT TO THE SETTLEMENT** | **Write to the Court about why you think the settlement is unfair to the class. You will still be bound by the Settlement.** <br><br> You may write to the Court about why you believe the Settlement is unfair or unreasonable. If you object, you may ask to appear before the Court to express your concerns about the fairness of the Settlement. Procedures for objecting are described in Section 9 below. Whether or not the Court rejects your objection, you will still be bound by the terms of the Settlement. |
| **IF YOU DO NOTHING IN RESPONSE TO THIS NOTICE FORM AND YOU DO NOT CASH YOUR SETTLEMENT CHECK** | **Receive no money from the Settlement Fund. Give up certain rights.** <br><br> If you do not cash the Settlement Check you receive, but also do not opt-out, you: (1) will still be bound by the release of New York state law claims (which means you cannot sue Flywheel under New York state law for overtime compensation or other damages related to wage matters), if applicable; and (2) will not receive any money from the Settlement. However, you will retain your right to bring an action under the federal Fair Labor Standards Act ("FLSA"). If you wish to retain the ability to continue to sue under <u>both</u> federal and New York state law, you must opt-out of the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in more detail below.

## 1. What is this Litigation about?

This lawsuit was filed by former instructor Bryant Montalvo alleging that Flywheel violated the minimum wage and overtime provisions of the FLSA and the New York State Labor Law ("NYLL"), as well the provisions of the NYLL related to wage notices, wage statements, and wage deductions. Specifically, Plaintiff Montalvo challenges: (1) Flywheel's use of a piece-rate scheme to compensate instructors (*i.e.*, paying instructors per class, regardless of how many hours they actually work per week outside of teaching classes); (2) Flywheel's prior practice of failing to compensate trainees (outside of California) for time spent training to be instructors; and (3) Flywheel's failure to reimburse instructors for required purchases of athletic clothing and music.

Flywheel denies that it violated any law and maintains that it has consistently acted in accordance with all governing laws at all times, including by paying Flywheel correctly. Flywheel specifically denies any wrongdoing or liability but agreed to settle the lawsuit to avoid continued litigation.

## 2. Why did I receive this Notice Form?

The Court in the relevant action granted preliminary approval of a Settlement Stipulation and authorized the mailing of this Notice Form to you. This Notice describes the Settlement. You received this Notice Form because class schedule records indicate that you worked as an instructor between August 7, 2010 and September 10, 2016.

## 3. Why is there a "class" settlement?

A class action is a lawsuit where one or more persons, called class representatives, sue not only for themselves, but also on behalf of other individuals who have similar claims. These individuals are called Class Members. In a class action, one court resolves the issues for all Class Members who do not opt-out of the case.

## 4. Why is there a Settlement?

The attorneys representing the Class Members ("Class Counsel") have analyzed and evaluated the merits of the claims made against Flywheel in the Class and Collective Litigation. Upon careful consideration of all of the facts and circumstances, Class Counsel believes that the Settlement negotiated with Flywheel is fair, reasonable and adequate and is in the best interest of the Class. The Court has preliminarily agreed with that assessment by permitting this Notice Form to be sent to you.

## 5. How much is the total settlement?

Pursuant to the Settlement Stipulation, Flywheel has agreed to pay $360,000.00 to settle the Class and Collective Litigation. This amount shall be used for distribution to Participating Class members, minus any payment for Attorneys' fees and costs, Claims Administrator fees and costs, Service Payment to the Class Representative (subject to the Court's approval), and Defendant's share of payroll taxes.

## 6. How much is my Settlement Payment?

If the Settlement is finally approved by the Court, you will receive a Settlement Check for approximately $[Estimated Settlement Payment] representing settlement amounts for the following claims:

Back Pay: $_____ (this amount will be subject to standard payroll deductions and you will receive an IRS Form W2 and its state and local equivalents for this payment);

Other Damages: $_____ (this amount will not be subject to standard payroll deductions but you may owe taxes on this amount and will receive an IRS Form 1099-MISC and its state and local equivalents for this payment).

Your Participating Class Member Final Settlement Payment will be a proportionate share of the Net Settlement Amount, as determined by the Claims Administrator pursuant to a formula and

3

based on a number of factors, including: (i) the number of instructors who participate in the Settlement; and (ii) the number of classes you taught in a given work week (calculated from Sunday to Saturday). Flywheel's records are presumed to be correct, and in the absence of proof to the contrary will be used to calculate your Participating Class Member Final Settlement Payment.

## 7. When will I get my Settlement Payment?

The Court will hold a fairness hearing to determine whether to finally approve the Settlement, as described in more detail in Sections 16 and 17. If the Court finally approves the Settlement, and there are no appeals, payments will go out within forty (40) calendar days after the Court issues its Final Approval Order. It there are any appeals, then the process will be delayed.

You will need to deposit or cash your Settlement Check within one hundred and twenty (120) calendar days after it is dated. Any uncashed checks after that date will be void and will not be re-issued.

## 8. Do I need to do anything to receive a Settlement Payment?

No. You will be sent a Settlement Check if and when the Court approves the settlement and all appeals have been exhausted. You should keep the Claims Administrator informed of any changes in your address until you have received your Settlement Check and tax reporting forms. If you choose to opt-out, then you will not receive a payment.

**The Claims Administrator's address is:**

Instructor Overtime Litigation Settlement re Flywheel Claims Administrator
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net
*Montalvo, et al. v. Flywheel Sports, Inc.,* No. 16 Civ. 06259

## 9. How do I tell the Court that I do not like the Settlement or object to it?

If you do not opt-out of the Settlement, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. If you object and the Settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment in the case with respect to all claims under New York state law (and, if you cash your Settlement Check, with respect to all claims under the FLSA) and all Orders entered by the Court.

4

To object, you must send a letter to the Claims Administrator saying that you object to the Settlement. The Claims Administrator will share your objection with Class Counsel and Flywheel's Counsel and your objection will be filed with the Court. You will be contacted by the Claims Administrator or Class Counsel with the date, time and location of any Court hearing. The Court will consider your objection, whether or not you attend the Fairness Hearing, described in Sections 16 and 17 below. However, if you wish to appear before the Court to be heard, you must specifically request to do so in your objection letter. Your statement must include all reasons for your objection and any supporting documentation in your possession. Your statement must also include your name, address, email address, and telephone number. You must also include whether you are represented by counsel, and if you are, the name and address of your counsel. Your objection will not be heard unless it is postmarked and sent to the Claims Administrator on or before [**30 DAYS FROM NOTICE MAILING DATE OR 15 DAYS AFTER RE-MAILING, WHICHEVER IS LATER**].

## 10.  How do I exclude myself (opt-out) of the Settlement?

If you wish to exclude yourself from the Settlement, you must submit a written request. To do so, you must mail a written, signed statement to the Claims Administrator stating "I opt out of the Instructor Class Action Litigation against Flywheel" or words to that effect which clearly express your desire to exclude yourself from this Settlement and the Class and Collective Litigation. You must include your name, address, and telephone number in the statement and you must sign the statement ("Request for Exclusion"). To be effective, the Request for Exclusion must be mailed, emailed, or faxed to the Claims Administrator on or before [**45 DAYS AFTER NOTICE MAILING DATE, OR 15 DAYS AFTER RE-MAILING, WHICHEVER IS LATER**]. It must be sent to the Claims Administrator at the mailing address, email address, or fax number listed in Section 8. If you exclude yourself, you will NOT receive any monies from the Settlement. If you fail to include the required information or if your Request for Exclusion is not timely received by the Claims Administrator, your Request for Exclusion will be deemed null, void and ineffective. Failure to be excluded will result in your remaining a member of the Settlement Classes and you will be bound by any final judgment in the case with respect to all claims under New York state law. If you validly and timely request exclusion, you will not be bound by any final judgment, and you will maintain your right to pursue your individual claims against Flywheel. If you wish to bring an action on your own, you will need to retain an attorney or represent yourself. By opting-out you will automatically be excluded from the Settlement Classes – there is no discretion that will be exercised by the Court or by counsel as to the exclusion of those who properly request it. (Fed R. Civ. P.23(c)(2)(B)(v).)

## 11.  What's the difference between objecting and excluding yourself (opting-out)?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. In other words, if you object, you will still be part of the Settlement. Excluding yourself from the Settlement ("opting-out") is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## 12. What happens if I do nothing?

If you do not opt-out, a Settlement Check will be mailed to you at the last known postal address for you available to the Claims Administrator, and you will release your New York state law claims ("State Law Released Claims"), if applicable, and you will not be able to sue Flywheel for overtime compensation or other damages related to wage matters under New York state law. If you cash your Settlement Check, you will also release your claims under the FLSA ("FLSA Released Claims"). If you do not cash the Settlement Check, you will retain any claims you may have under the FLSA (but not New York state law, if applicable).

## 13. Who is Class Counsel?

The Court appointed the following lawyers as Class Counsel to represent the Class:

LISZKA AND GRAY, LLC
MAYER LAW GROUP LLC
Zachary J. Liszka
Carl J. Mayer
1180 Avenue of the Americas, Suite 800
New York, New York 10036
(347) 762-5131

You may also retain counsel of your own choosing to represent you in this action.

## 14. Are attorney fees, costs, expenses and service payments being sought?

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Settlement Classes. As part of the Settlement, Class Counsel will ask the Court to approve a payment to them of 33 and 1/3 percent of the qualified settlement fund for their Attorneys' Fees and Lawsuit Costs. Class Counsel seeks these Attorneys' Fees and Lawsuit Costs to pay for investigating the facts of this case, litigating this case and negotiating the Settlement. In addition, the Class Representative will seek payment of $10,000 his role in the case. The Service Payment and Attorneys' Fees and Lawsuit Costs have already been deducted in calculating your Estimated Settlement Payment set out herein.

## 15. What is the legal effect of the Settlement?

If the Court grants final approval of the Settlement, Settlement Checks will be issued to all Class Members who have not opted out of the Settlement. Those Class Members who have cashed their Settlement Check will have fully released and discharged Flywheel from federal and New York state law claims for wages, benefits, and other compensation arising out of or relating to the facts alleged in the Class and Collective Litigation.

If you do not cash your Settlement Check and did not opt-out, your claims under New York state law, if applicable, are released. When claims are "released," that means that a person covered by

the release cannot sue Flywheel for any of the claims that are covered by the release.

If you timely opted-out of the Settlement, you have not released any claims.

## 16. When will the Court decide whether to finally approve the Settlement and what if it is not approved?

The Court will hold a Fairness Hearing on _____ at the United States District Court for the Southern District of New York, at, _____, in Courtroom ____.

At this hearing the Court will finally consider whether the Settlement is fair, reasonable, and adequate and whether it should be approved and, if so, the Court will determine what amount of Attorneys' Fees and Lawsuit Costs and the Service Payment should be awarded. If there are objections, the Court will consider them. The Court will listen to individuals who have asked to speak at the hearing.

At or after the Fairness Hearing, the Court will decide whether to grant the Settlement final approval. The Parties do not know how long it will take for the Court to issue its decision. The time and date of the hearing may be changed without further notice.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed anything.

## 17. Do I have to attend the Fairness Hearing?

No, you are not required to attend the Fairness Hearing, but are welcome to, at your own expense. Class Counsel will represent you at the hearing, unless you have opted-out of the action.

## 18. Are there more details about the Settlement? What if I have any questions?

This Notice Form summarizes the terms of the proposed Settlement. If you have a procedural question, please contact the Claims Administrator.

If you have a question that requires legal consultation, please contact Class Counsel:

LISZKA AND GRAY, LLC
MAYER LAW GROUP LLC
Zachary J. Liszka
Carl J. Mayer
1180 Avenue of the Americas, Suite 800
New York, New York 10036
(347) 762-5131
z@lglaw.nyc
www.lglaw.nyc

Your communications with Class Counsel will be strictly confidential and privileged.

NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.

**19.  What if my name or address changes?**

If your name, mailing address, email address, and/or telephone number changes after you receive this Notice Form, you must notify the Claims Administrator immediately.  If you do not correct your address, a Settlement Check may be mailed to the address that is on file for you.  Therefore, it is your duty to keep an updated address on file.  The contact information for the Claims Administrator is listed in Section 8 above.

**20.  Will I be retaliated against?**

Whether you are a current or former instructor, your decision as to whether or not to cash your Settlement Check will in no way affect your current or future work with Flywheel.  Consistent with its policies against retaliation, Flywheel is prohibited by law from taking any action against individuals who participate in the Settlement.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRYANT MONTALVO, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>    - against -<br><br>FLYWHEEL SPORTS, INC.<br><br>          Defendant. | No: 16-CV-06259 (PAE) |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER PRELIMINARILY APPROVING THE CLASS AND COLLECTIVE ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING THE CLASS FOR <u>SETTLEMENT PURPOSES ONLY</u>

The above-entitled matter came before the Court on Plaintiff Bryant Montalvo's ("Plaintiff") Motion for an Order Preliminarily Approving the Class and Collective Action Settlement and Conditionally Certifying the Class for Settlement Purposes Only ("Preliminary Approval Motion") to fully and completely settle *Bryant Montalvo, et al. v. Flywheel Sports, Inc.*, United States District Court for the Southern District of New York, Civil Action No. 1:16-cv-06259 (the "Action"). Defendant Flywheel Sports, Inc. ("Defendant") does not oppose this Motion. After reviewing the Preliminary Approval Motion along with supporting exhibits, the Memorandum of Law in Support of the Preliminary Approval Motion (the "Memorandum"), and the Declarations of Zachary J. Liszka and Carl J. Mayer, the Court hereby finds as follows:

A. On _____, 2017, Plaintiff submitted to the Court the Preliminary Approval Motion with respect to a proposed Joint Stipulation of Settlement and Release ("Settlement Stipulation").

B. Plaintiff seeks, under Federal Rule of Civil Procedure ("Rule") 23, certification of a class of instructors for settlement purposes only. The exact proposed class definition is set

1

forth in the Settlement Stipulation and repeated below. The class period is August 7, 2010 through September 10, 2016.

C. Plaintiff also seeks, for all claims arising under the Fair Labor Standards Act ("FLSA"), collective certification, under 29 U.S.C. § 216(b), of a collective of instructors for settlement purposes only. The exact proposed collective is set forth in the Settlement Stipulation and repeated below. The collective period is August 7, 2013 through September 10, 2016.

D. NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. Except as otherwise noted, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Stipulation.

2. This Court has jurisdiction over the Parties and claims and preliminarily finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3), have been met and that class certification for purposes of approving the Settlement is warranted. Subject to further consideration and final approval, the Court hereby certifies the following Settlement Class for settlement purposes only:

> All individuals who worked as an instructor at Defendant (*i.e.*, who, according to Defendant's business records had the word "instructor" in their job title) in New York from August 7, 2010 through September 10, 2016 (the last date for the data utilized by the Parties in negotiating this settlement), except Melissa Wolfe.

Additionally, for the reasons set forth in the submission in support of this Preliminary Approval Motion, this Court conditionally finds that, for purposes of settlement only, a collective action under 29 U.S.C. § 216(b) is appropriate for all claims arising under the FLSA. The Court,

2

therefore, hereby certifies the following class and FLSA collective action for settlement purposes only:

> All individuals who worked as an instructor at Defendant (*i.e.*, who, according to Defendant's business records had the word "instructor" in their job title) in the United States from August 7, 2013 through September 10, 2016 (the last date for the data utilized by the Parties in negotiating this settlement), except Melissa Wolfe.

3.    Certification of the class and collective action, specified in Paragraph 2, is solely for settlement purposes and is subject to the limitations and restrictions, and other rights, set forth in the Settlement Stipulation (regarding, *inter alia*, the reservation of rights and the prohibition on citing or using this Order in the event the Settlement fails to achieve the Effective Date for any reason).

4.    The Court finds that the Settlement Stipulation is fair, reasonable, and adequate and should be preliminarily approved.  The Settlement will ensure prompt payment to Settlement Class Members and avoids the risk and expense of continued litigation.

5.    The Court has reviewed the Settlement Stipulation, including the monetary relief provisions, the plan of allocation, and the releases of claims.  Based on its review of the Settlement Stipulation, the Memorandum, and the Court's familiarity with this case, the Court finds that the Settlement Stipulation is the result of (a) extensive, arm's-length negotiations between the Parties, (b) following an extensive investigation of the claims and law, (c) by experienced counsel on both sides, (d) who were fully familiar with the strengths and weaknesses of the claims.  Based on all of these factors, the Court finds that the Settlement Stipulation has no obvious defects and is within the range of reasonableness and meets the requirements for preliminary settlement approval such that Notice to the Class as set forth in the Settlement Stipulation is appropriate.

3

Case 1:16-cv-06259-PAE Document 86 Filed 05/02/18 Page 51 of 55

6.     The Court preliminarily appoints Named Plaintiff Bryant Montalvo as the Class Representative, for purposes of settlement only, in the above-captioned Action. The Class Representative, together with Class Counsel, is hereby authorized to act on behalf of himself and members of the Settlement Class, including all Participating Claimants, with respect to the Settlement.

7.     The Court preliminarily approves Liszka and Gray, LLC and Mayer Law Group LLC as Class Counsel, for purposes of settlement only, finding Zachary J. Liszka and Carl J. Mayer are adequate to serve as Class Counsel.

8.     The Court approves and appoints Strategic Claims Services to serve as the Claims Administrator in accordance with the terms of the Settlement Stipulation and this Order. The Claims Administrator shall administer distribution of the Notice Forms as set forth in the Settlement Stipulation.

9.     The Court approves as to form and content the proposed Notice, attached as Exhibit A to the Settlement Stipulation, and finds it fully and accurately informs the Settlement Class Members of all material elements of the lawsuit and the proposed Settlement.

10.     The Court finds that the Settlement Stipulation satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) and that, additionally, a collective action under 29 U.S.C. § 216(b) is appropriate for all claims arising under the FLSA, both for settlement purposes only.

11.     The Court approves the Notice plan specified in the Settlement Stipulation, including the dissemination of the Notice via first class mail to the last known postal address of each Settlement Class Member. The Court finds that this method of disseminating the Notice, as

provided in the Settlement Stipulation, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

12.     Within five (5) days of entry of this Order, Defendant will provide the Class List (including contact information) described in the Settlement Stipulation to the Claims Administrator.

13.     Within twenty-one (21) days of entry of this Order, the Claims Administrator will mail the Notice to all Settlement Class Members.

14.     Each Settlement Class Member shall have forty-five (45) days from the mailing of the Notice to opt out of the Settlement pursuant to the procedures specified in the Settlement Stipulation.

15.     Each Settlement Class Member shall have thirty (30) days after the date on which the Notice is postmarked to submit an objection or other comment to the Settlement, pursuant to the procedures specified in the Settlement Stipulation.

16.     The Court will conduct a Fairness Hearing on _____, 2018, at __ [a.m./p.m.] to address: (a) whether the proposed Settlement Stipulation should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and (c) Class Counsel's application for the Service Payment to the Class Representative.

17.     The dates of performance contained herein, or the Settlement Stipulation, may be extended by Order of the Court or as agreed by the Parties (where allowed by the Settlement Stipulation) without further direct mail or email notice to the Settlement Class.

18.     Pending the Fairness Hearing, other than proceedings necessary to carry out or to enforce the terms and conditions of the Settlement, this matter is hereby stayed.

19.     In the event this Order is entered, but the Settlement is terminated or fails to become final for any other reason (*i.e.*, fails to achieve its Effective Date), this Order shall be automatically rendered void and of no further force or effect, except for Paragraph 3, which shall remain in full force and effect.

It is so ORDERED this _____ day of _____ , 2017.


_____ _____
Hon. Paul A. Engelmayer
United States District Judge

# EXHIBIT C

# __Allocation Formula__

Each Class Member will be assigned points using the following allocation formula:

- Each Class Member will be assigned a minimum of fifty (50) points (the "Minimum Points").

- For every class taught by a Class Member in excess of thirteen (13) in a given work week (calculated from Sunday to Saturday) according to the business records of Defendant, a Class Member will receive one additional point (the "Additional Points").

- Each Class Member's Minimum Points plus Additional Points, if any, shall be the Class Member's "Assigned Points."

The Total of all Assigned Points will be calculated. The Net Settlement Amount (as defined in Section 6(a) of the Settlement Stipulation), will be divided by the total number of Assigned Points allocated to Class Members, yielding the "projected point value." Each Class Member's Assigned Points will be multiplied by the projected point value to provide that Class Member's projected (but not guaranteed) settlement payment.